**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIN YANG, | No. 24-651 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-03016-GW-PD |
| v. | |
| ALLSTATE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 15, 2025[**]

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Bin Yang appeals pro se from the district court's summary judgment in her diversity action against Allstate alleging breach of contract and insurance bad faith. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Yang's breach of contract claim because Yang failed to raise a genuine dispute of material fact as to whether she performed under the contract and whether Allstate breached it. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (setting forth elements of California breach of contract claim).

The district court properly granted summary judgment on Yang's claim for a breach of the implied covenant of good faith and fair dealing because Allstate demonstrated a genuine dispute about coverage. *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (stating that summary judgment should be granted for defendant on an insurance bad faith claim under California law if the defendant demonstrates a genuine dispute as to coverage).

Contrary to Yang's contentions, the district court properly found that Yang's other claims were not viable causes of action and that Yang presented no facts to establish entitlement to punitive damages.

Because Yang did not amend her notice of appeal to include the district court's orders denying her motions for reconsideration, we lack jurisdiction to consider them. *See* Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

**AFFIRMED.**